UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------X

AMERICAN EAGLE OUTFITTERS, INC., a
Delaware corporation; and RETAIL
ROYALTY COMPANY, a Nevada
corporation,

               Plaintiffs,

    - against -

TALA BROTHERS CORP., d/b/a LOW AND
SWEET, a California corporation;
DAVID TALASAZAN, an individual;
JOHN DOES 1-15; XYZ CORPORATIONS
1-15,

               Defendants.

-----------------------------------------X

06 Civ. 2072 (RWS)

O P I N I O N

A P P E A R A N C E S:

       GREENBERG TRAURIG
       Attorneys for Plaintiffs
       200 Park Avenue, 34th Floor
       New York, NY 10166
       By:  G. ROXANNE ELINGS, ESQ.
           DAVID SAENZ, ESQ.
           Of Counsel

       SHUKAT ARROW HAFER WEBER & HERBSMAN
       Attorneys for Defendants
       111 West 57th Street, Suite 1120
       New York, NY 10019
       By:  DOROTHY M. WEBER, ESQ.
           Of Counsel


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/18/06

**Sweet, D.J.,**

Defendants Tala Brothers Corp. d/b/a Low and Sweet ("Low & Sweet"), and David Talasazan ("Talasazan") (collectively, the "Defendants"), have moved pursuant to 28 U.S.C. § 1404(a) to transfer this trademark infringement action brought by plaintiff American Eagle Outfitters, Inc. ("AEO") and Retail Royalty Company ("Retail Royalty") (collectively, the "Plaintiffs") to the United States District Court for the Central District of California. For the reasons set forth below, the motion is denied.

## Prior Proceedings

This action was initiated on March 16, 2006 by the filing of a complaint alleging trademark infringement and counterfeiting by the Defendants, dilution of AEO's trademark, false designation of origin, copyright infringement and unfair competition, constituting violations of 15 U.S.C. § 1114, 15 U.S.C. § 1725(a), 17 U.S.C. §§ 106, 501, and the common law. An order providing for a temporary restraint, seizure, and expedited discovery was entered on March 16, 2006.

A preliminary injunction was entered on consent on April 27, 2006.

1

The instant motion to transfer was heard on April 26, 2006.

## The Facts

According to AEO, it has recovered from Low & Sweet's warehouses approximately 4,580 items of apparel bearing counterfeits of AEO's trademarks, as well as documentation relating to an anticipated shipment of 36,500 tank tops bearing counterfeit AEO trademarks, and to sales of products bearing counterfeit AEO trademarks in the past year.

According to Talasazan, Low & Sweet is a small family-run enterprise and as its president he did not know that the goods involved were counterfeit. Talasazan has stated that he has been in business for ten years. He has stated that his company has been in business for four years and has two retail stores in Los Angeles, a warehouse and two wholesale businesses, and specializes in off-price merchandise.

The sale of allegedly counterfeit items was solicited at the Off-Price Specialist Show in Las Vegas. The order for the goods required shipment to New York, and three samples were in fact shipped to New York. The officers and employees and records of Low & Sweet are in Los Angeles, and the seized merchandise is held in Los Angeles.

2

AEO is a publicly held Pennsylvania corporation with its principal place of business in Warrendale, Pennsylvania.  AEO maintains an office in New York for design and production. According to the Defendants, AEO has an annual revenue of over \$1 billion.  Retail Royalty is a Nevada corporation with its principal place of business in Las Vegas, Nevada.  The Plaintiffs' investigators are located in North Carolina and California and their five nominated witnesses on counterfeiting and the strength of the AEO mark are in New York.

## The Balance Of Convenience Does Not Favor The Transfer

The statute governing transfer of venue provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

The court has broad discretion in resolving a motion to transfer.  See Red Bull Assocs. v. Best Western Int'l, Inc., 862 F.2d 963, 967 (2d Cir. 1988); Linzer v. EMI Blackwood Music Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1995).

It is not disputed that this action could have been brought in the United States District Court for the Central District of California.

3

Courts in the Second Circuit consider numerous factors in determining the balance of convenience and fairness on a motion to transfer including: (1) the locus of the operative facts; (2) convenience of the parties; (3) the convenience of the witnesses; (4) the location of relevant documents and relative ease of proof; (5) the relative means of the parties; (6) the availability of process to compel attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances. See NBA Props. v. Salvino, Inc., No. 99 Civ. 11799 (AGS), 2000 U.S. Dist. LEXIS 3799, at *8 (S.D.N.Y. Mar. 27, 2000); Student Advantage, Inc. v. Int'l Student Exch. Cards, Inc., No. 00 Civ. 1971 (AGS), 2000 U.S. Dist. LEXIS 13138, at *18-*19 (S.D.N.Y. Sept. 13, 2000). While courts may consider these factors, there is "no rigid formula for balancing these factors and no single one of them is determinative." Arthur Metzler & Assoc. Consulting Eng'rs, P.C. v. Group Goetz Architects, No. 01 Civ. 7253 (DC), 2002 U.S. Dist. LEXIS 7540, at *11 (S.D.N.Y. Apr. 29, 2002) (denying motion to transfer) (quoting Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000)).

## 1.   Locus Of The Operative Facts

In trademark infringement cases, courts in this District have found that the locus of operative facts weighs in favor of

4

maintaining the original venue where the defendant sells the allegedly infringing products in that forum. See NBA Props., 2000 U.S. Dist. LEXIS 3799, at *10-*11.   Low & Sweet made an active effort to sell in this forum and was prepared to ship more than 39,000 units of the goods to New York, according to the Plaintiffs' investigator.   It has been held that a defendant targets the forum "by . . . selling even a relatively nominal amount of products in the District."   French Transit, Ltd. v. Modern Coupon Sys., Inc., 858 F. Supp. 22, 26 (S.D.N.Y. 1994).

### 2.   Convenience of the Parties and Witnesses

The location of the books and records of the Plaintiffs relating to the strength of its mark are at least in part in New York and the Defendants' records are in California.   The Defendants' records and witnesses relating to the operative facts and overall conduct are in California.   The development of the operative facts weighs slightly in favor of Defendants.

A motion to transfer venue under § 1404(a) "must be accompanied by an affidavit containing 'detailed factual statements identifying the potential principal witnesses expected to be called and a general statement of the substance of their testimony . . . .   Absent such a showing, the motion should be denied.'"   NBA Props., 2000 U.S. Dist. LEXIS 3799, at *14 (quoting Pilates, Inc. v. Pilates Inst., Inc., 891 F. Supp. 175, 183 (S.D.N.Y. 1995)).

5

Low & Sweet has failed to provide such a list, instead merely stating that "all of defendants' witnesses . . . are in California" and identifying their nexus to Los Angeles. (See Talasazan Decl. ¶ 10.) The Plaintiffs have provided at least a partial list (Pls.' Mem. in Opp. at 8). Plaintiffs' principal investigator is in North Carolina, more accessible to New York than California.

Given the likelihood, based on past experience, that the principal expenditure of time in this action will be in the discovery phase, the inconvenience for parties and witnesses can be minimized by a determination that the parties and witnesses will be deposed in their principal place of business except for the investigators. In addition, the availability of air transportation and document transmittal minimizes the inconvenience for all concerned.

This factor is neutral.

## 3. **Location of Documents**

The Plaintiffs' documents are in New York, Defendants' in California. The location of documents and records "is not a compelling consideration when records are easily portable." Astor Holdings, Inc. v. Edward Roski III, No. 01 Civ. 1905 (GEL), 2002 U.S. Dist. LEXIS 758, at *37 (S.D.N.Y. Jan. 17, 2002) (citing Coker

6

v. Bank of America, 984 F. Supp. 757 (S.D.N.Y. 1997)). Thus, this factor also is neutral.

### 4.    Relative Means of the Parties

The relevant means of the parties may be relevant in determining whether to grant a motion to transfer. "This factor is not entitled to great weight where plaintiff and defendant are both corporations." Toy Biz, Inc. v. Centuri Corp., 990 F. Supp. 328, 331 (S.D.N.Y. 1998). As such, "[a] party arguing for or against a transfer because of inadequate means must offer documentation to show that transfer (or lack thereof) would be unduly burdensome to his finances." NBA Props., 2000 U.S. Dist. LEXIS 3799, at *33 (quoting Federman Assocs. v. Paradigm Med. Indus., Inc., No. 96 Civ. 8545 (BSJ), 1997 U.S. Dist. LEXIS 23685, at *12 (S.D.N.Y. Apr. 8, 1997)). In addition, "where proof of such disparity is not adequately provided, or does not exist, this is not a significant factor to be considered." Orb Factors, Ltd. v. Design Sci. Toys, Ltd., 6 F. Supp. 2d 203, 210 (S.D.N.Y. 1998). Here, Low & Sweet has offered no substantial evidence that defending this action in New York would be unduly burdensome.

### 5.    Availability of Process to Compel Attendance of Unwilling Witnesses

The Defendants have contended that "a subpoena issued by the Central District in California would have the territorial reach

7

to cover more third party witnesses than the Southern District of
New York." (Defs.' Mem. in Supp. at 8). The Defendants fail to
substantiate their argument by pointing to any specific witness to
suggest that trial in New York would impede the attendance of any
of their contemplated witnesses. Indeed, the Defendants do not
claim that Plaintiffs' witnesses would be unavailable to testify
due to location but rather that "all of defendants' witnesses" are
in California. If any of the Defendants' or Plaintiffs' witnesses
are unavailable at trial, deposition testimony is a viable
alternative, and the Defendants are certainly free to depose all of
Plaintiffs' employees and investigators. Orb Factory, 6 F. Supp.
2d at 209 (holding transfer unwarranted where deposition testimony
is "an available alternative to live testimony").

Having failed to identify particular unwilling witnesses
who might be more available in California than in New York, the
Defendants have failed to establish that this factor weighs in
their favor.

## 6.  Forum's Familiarity with the Governing Law

Familiarity with the governing law as a factor in
determining transfer of venue is "generally given little weight in
federal courts," and courts in the Second Circuit are as well
versed in trademark law as any in the country. Moreover, where
there are state law claims, the "forum's familiarity with governing

8

law supports retention of the action." NBA Props., 2000 U.S. Dist. LEXIS 3799, at *26. Here, Plaintiffs' complaint asserts two claims arising under New York law: claim six arises under N.Y. Bus. Corp. Law § 360(1) and claim seven arises under N.Y. Bus. Corp. Law § 349. The Defendants fail to discuss this factor in their papers. Accordingly, this factor does not warrant transfer of venue.

## 7.    Weight Accorded to Plaintiffs' Choice of Forum

Plaintiffs' choice of forum is generally entitled to deference. "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000) (denying motion to transfer venue) (quoting Seagoing Unif. Corp. v. Texaco, Inc., 705 F. Supp. 918, 936 (S.D.N.Y. 1989)).

The Defendants have contended that the Plaintiffs' choice of forum is not entitled to deference because Plaintiffs have engaged in forum shopping. However, most of AEO's witnesses are in fact located in New York or substantially closer to New York than California, rendering Plaintiffs' election to file suit in New York fair, reasonable and deserving of the deference traditionally afforded to a plaintiff. This factor weighs strongly in favor of denying the Defendants' motion to transfer.

9

## 8.    Trial Efficiency and the Interests of Justice

The Defendants fail to address this factor in their analysis, but have conceded that both this district and the Central District of California are "equally equipped" to handle this case and that there is no "significant disparity in docket size between the fora." (Defs.' Mem. in Supp. at 10 n.5.)  Because this Court has already granted Plaintiffs' application for temporary relief and has dealt with the instant motion, and is, therefore, familiar with the claims alleged, judicial economy is served by keeping venue in this district.  Thus, this factor does not favor California as the proper venue.

## Conclusion

Considering all the factors discussed above, the Defendants have failed to carry their burden of clearly demonstrating that a transfer is warranted under § 1404(a), and the motion to transfer venue therefore is denied.

It is so ordered.

New York, NY
October   **16**   , 2006

ROBERT W. SWEET
U.S.D.J.